**Betim JUSUFAJ, Petitioner,**

v.

**Peter D. KEISLER, Acting ATTORNEY GENERAL [1], Respondent.**

No. 07–0634–ag.

United States Court of Appeals, Second Circuit.

Oct. 18, 2007.

1. Pursuant to Appellate Fed. R.App. P. 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Aleksander Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Alison Marie Igoe, Senior Litigation Counsel, Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Betim Jusufaj, a native and citizen of Albania, seeks review of a February 1, 2007 order of the BIA affirming the August 11, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla denying Jusufaj's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jusufaj*, No. A 98 350 044 (B.I.A. Feb. 1, 2007), *aff'g* No. A 98 350 044 (Immig. Ct. N.Y. City Aug. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't. of Justice*, 494 F.3d 296 (2d Cir.2007).

Substantial evidence supports the BIA's determination that country conditions in Albania have fundamentally changed such that Jusufaj no longer has a well-founded fear of persecution, even assuming his credibility and that he experienced past persecution. The BIA appropriately observed that the 2004 Department of State report indicated that there were no confirmed cases of detainees being held in Albania for political reasons and that the

government generally respected the right to associate and assemble. The BIA also properly noted that the Democratic Party, of which Jusufaj is a member, had regained control of the Albanian Parliament in July 2005. Although Jusufaj argues that the agency ignored evidence indicating that Albanian police arrest and beat Democratic Party members, the background evidence does not identify any incidents of politically motivated police abuse after 2001. Consequently, record does not compel us to conclude, contrary to the BIA, that Jusufaj has an objectively reasonable, well-founded fear of persecution upon return. *See Zhou Yun Zhang,* 386 F.3d at 73 & n. 7; *Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006).

Because Jusufaj was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or relief under the CAT where all three claims were based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.